**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Blackhawk Mining, LLC,**
**Employer Below, Petitioner**

**v.)**     **No. 25-273** (JCN: 2023006737)
                    (ICA No. 24-ICA-357)

**Christi Banks, dependent of**
**Timothy Banks Jr. (deceased),**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC appeals the February 28, 2025, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Blackhawk Mining, LLC v. Banks*, No. 24-ICA-357, 2025 WL 658348 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision). Respondent Christi Banks, dependent of Timothy Banks Jr. (deceased), filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 12, 2024, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's orders denying the occupational disease claim and denying the claim for death benefits. The Board of Review held the occupational disease claim compensable for mucormycosis,[2] which caused the decedent's brain abscess, and awarded death benefits.

The employer asserts that the claimant failed to show that the decedent's brain abscess was causally related to the decedent's employment. The employer argues that the record is devoid of reliable, probative, and substantial evidence demonstrating a direct occupational cause. Instead, the employer argues that the medical opinions supporting compensability lacked a complete exposure history and relied solely on the decedent's self-reporting without consideration of significant non-occupational exposures, such as living in a rural environment and outdoor work with decaying plant matter. Therefore, the employer argues that the decisions of the ICA and the

---

[1] The employer appears by counsel T. Jonathan Cook, and the claimant appears by counsel William B. Gerwig III.

[2] Before his death, the decedent filed an occupational disease claim. In Syllabus Point 5 of *Martin v. Workers Compensation Division*, 210 W. Va. 270, 557 S.E.2d 324 (2001), this Court held, in pertinent part, that, "[i]f a claimant in a workers' compensation case dies during the pendency of the claims process, the claim shall proceed as if death had not occurred" and that, "[i]f the claim ultimately prevails, all compensation that would have been awarded to the claimant, had he or she lived, shall be paid to the dependents of the deceased claimant."

Board of Review were erroneous, and the claim administrator's orders denying the occupational disease claim and denying the claim for death benefits should be reinstated. The claimant counters by arguing that, as a surface mine blaster for the employer, exposure to large quantities of airborne dirt plumes was a natural consequence of the decedent's job, and that exposure was far greater than the decedent or any other worker could possibly have outside of his specific work. The claimant argues that the Board of Review's decision to hold the claim compensable for mucormycosis and award death benefits was supported by sufficient evidence. In reply, the employer argues that the medical opinions supporting compensability are nothing more than speculation because those physicians simply repeated what the decedent told them without further inquiry.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**DISSENTING:**

Justice C. Haley Bunn

Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

2